UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, as Broadcast Licensee of the April 20, 2013 Saul Alvarez v. Austin Trout Fight Program, | § § § § § | No. 5:15−CV−302−DAE |
| Plaintiff, | § § | |
| v. | § § | |
| MANUEL GONZALEZ CISNEROS a/k/a MANUEL G. CISNEROS a/k/a MANUEL CISNEROS, individually, and d/b/a COLT'S 45 LOUNGE a/k/a COLT 45 BAR AND GRILL a/k/a COLT .45 SPORTS BAR, | § § § § § § § | |
| Defendant. | § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court are two motions: (1) a Motion for Summary Judgment filed by G&G Closed Circuit Events, LLC ("Plaintiff") (Dkt. # 11), and (2) a Motion to Withdraw Deemed Admissions filed by Manuel Gonzalez Cisneros ("Defendant") (Dkt. # 14). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the briefs filed in support and in opposition, the Court, for the reasons that follow, **GRANTS**

1

the Motion for Summary Judgment (Dkt. # 11) and finds as **MOOT** Defendant's Motion to Withdraw Deemed Admissions (Dkt. # 14).

BACKGROUND

Plaintiff is a company that was the exclusive licensor of the closed-circuit telecast of the April 20, 2013 Saul Alvarez v. Austin Trout Fight Program, including the preliminary bouts ("the Event"), at closed-circuit locations such as theaters, bars, clubs, lounges, restaurants, and similar establishments throughout Texas. ("Compl.," Dkt. # 1 ¶ 5.)

Defendant was the owner and manager of a bar and restaurant named Colt's 45 Lounge a/k/a Colt 45 Bar and Grill a/k/a Colt .45 Sports Bar ("the Establishment"). ("Am. Admissions," Dkt. # 15-3, Ex. C ¶¶ 36, 37.) The Establishment was a commercial establishment that possessed a Texas alcohol permit and Defendant broadcasted the Event at the Establishment on April 20, 2013. (Id. ¶¶ 8−12, 41.) Defendant admits that he broadcasted the Event on two televisions in the Establishment. (Id. ¶ 49.) One television was a 55-inch television screen. ("Investigator Aff.," Dkt. # 11-1 at 16.) On the date of the Event, Plaintiff's investigator observed approximately 35-37 people at the Establishment watching the Event. (Id. at 17.)

Defendant admits that he was aware that a licensing fee had to be paid in order to telecast the Event at the Establishment. (Am. Admissions ¶ 17.)

However, Defendant did not pay a licensing fee or enter into any agreement with Plaintiff to broadcast the Event (Id. ¶¶ 3, 13−15), but instead paid a residential licensing fee to his cable television provider to watch the Event (Id. ¶¶ 19−22). Defendant then broadcast the Event at the Establishment by diverting his residential cable service into the Establishment. (Id. ¶ 30, 31.)

Defendant actively advertised that the Establishment would broadcast the Event on the Internet. (Am. Admissions ¶ 28.) Defendant admits that he obtained a monetary benefit from the Establishment's profits on the date the Event. (Id. ¶ 45.) Defendant further admits that he broadcasted the Event at the Establishment with the intent and for the sole purpose of attracting business. (Id. ¶ 60.)

On April 17, 2015, Plaintiff filed suit in this Court. (Compl.) On November 9, 2015, Plaintiff served Defendant with a request for admissions pursuant to Federal Rule of Civil Procedure 36. (Dkt. # 14 ¶ 3.) The admissions were deemed admitted when Defendant failed to timely respond. (Id. ¶ 4.) On February 1, 2016, Plaintiff filed its Motion for Summary Judgment. (Dkt. 11.) On March 4, 2016, Defendant filed a Motion to Withdraw Deemed Admissions (Dkt. # 14) and his response to the summary judgment motion (Dkt. # 15). Attached to Defendant's response are his amended admissions. (Am. Admissions.)

## LEGAL STANDARD

I.    Summary Judgment

A movant is entitled to summary judgment upon showing that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make

credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

I. The Communications Act

Plaintiff solely seeks summary judgment under the Federal Communications Act of 1934 as amended, codified as 47 U.S.C. § 605.

A. Liability under 47 U.S.C. § 605

The Communications Act is a strict liability statute.  To violate the Communications Act, a plaintiff need only prove that (1) the Event was shown in the Defendants' establishment and (2) the plaintiff did not authorize the exhibition of the Event at the establishment.  47 U.S.C. § 605; J&J Sports Prods., Inc. v. Casita Guanajuato, Inc., 2014 WL 1092177, at *1 (W.D. Tex. Mar. 19, 2014).

First, there is no dispute that Defendant broadcasted the Event on April 20, 2013.[1]  (Am. Admissions ¶¶ 11, 12.)  Second, there is no dispute that

---

[1] In Defendant's response to the instant motion, he attached his amended admissions as an exhibit.  (Am. Admissions.)  In Plaintiff's reply brief, Plaintiff argued that summary judgment was proper even in light of Defendant's amended

Plaintiff did not authorize the exhibition of the Event at the Establishment; Defendant admits such fact. (Id. ¶¶ 12−14.) Furthermore, because § 605 is a strict liability statute, Defendant's belief that his purchase of a residential license to watch the Event immunizes him from liability is without merit. See Joe Hand Promotions, Inc. v. Ol'River Hideaway, LLC, 2016 WL 590251, at * 3 (W.D. Tex. Feb. 11, 2016) (finding that the broadcast of a licensed event at a commercial establishment using a residential license violated § 605); Garden City Boxing Club, Inc. v. Vinson, No. 3:03-CV-0700-BD(P), 2003 WL 22077958, at * 2 (N.D. Tex. May 24, 2003) ("The fact that the defendant may have purchased and lawfully received the Lewis-Tyson fight from DirectTV does not immunize her from liability for then broadcasting the vent to patrons at her bar without obtaining authorization from the plaintiff, the exclusive licensee.") Accordingly, the Court finds that there is no genuine dispute to any material fact and summary judgment is proper as to liability under 47 U.S.C. § 605.

    B. Statutory Damages

An aggrieved party may recover statutory damages for each violation of § 605 "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(3)(C)(i)(II).

---

admissions. Accordingly, the Court will use Defendant's amended admissions as summary judgment evidence and not consider the deemed admissions from Defendant's failure to respond to the request for admissions in November 2015.

The Court finds that a statutory damage award of $3,000 is appropriate in this case.  Here, Plaintiff could have charged Defendant $800 for a venue like the Establishment that had a capacity less than 100.  (See "Rate Card," Dkt. # 11-1, Ex. A-3 at 22; Investigator Aff. at 17 ("The capacity of this establishment is approximately 45 people."); Am. Admissions ¶ 61.)  An additional $2,200 is sufficient and reasonable to deter future violations.

### C. Statutory Damages for "Willful" Conduct

If a the Court finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages," but not more than $100,000 per violation.  47 U.S.C. § 605(e)(3)(c)(ii).

Here, an award of $3,000 is appropriate due to Defendant's willful conduct.  Defendant admits that he purchased a residential license for the Event and diverted the residential cable service into the Establishment.  (Am. Admissions ¶ 18, 19, 31.)  To divert a residential cable package into a commercial establishment is a deliberate act that evinces willfulness.  Accordingly, the Court finds that such an admission is conclusive proof that Defendant willfully violated the Communications Act.  Defendant also admits that he acted with a purpose to pursue a commercial advantage and obtain private financial gain.  Specifically, Defendant admits he advertised that the Event would be telecast at the

Establishment (id. ¶¶ 26, 28), that he had a financial interest in the activities of the Establishment on the date of the Event (id. ¶ 40), and that he obtained a small profit from broadcasting the Event (id. ¶ 45).  Therefore, the Court finds Defendant acted with the purpose to gain a direct commercial advantage and private financial gain.  For these reasons, the Court awards a $3,000 damages award for Defendant's willful conduct.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. # 11), and finds **MOOT** Defendant's Motion to Withdraw Deemed Admissions (Dkt. # 14).  Specifically, Defendant shall pay Plaintiff: (1) $3,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and (2) $3,000 in damages pursuant to 47 U.S.C. § 605(e)(3)(c)(ii).  All other relief not granted herein is **DENIED**.  Accordingly, the Court **ORDERS** judgment be entered in favor of Plaintiff in the sum of $6,000. In light of this Order, the Court **CANCELS** the hearing set in this case for May 4, 2016.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, April 1, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE